IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05566-PAB

RAUDEL ALVAREZ HEREIRA,

Petitioner,

v.

JUAN BALTAZAR, Warden of Denver Contract Facility, et al.,

Respondents.

---

**ORDER**

---

This matter comes before the Court on the Petition for Writ of Habeas Corpus and Incorporated Memorandum of Law in Support Thereof [Docket No. 1]. Respondents filed a response. Docket No. 8.

## I. BACKGROUND[1]

Petitioner is a national of Cuba. Docket No. 1 at 5, ¶ 23. Petitioner entered the United States on or about December 5, 2019. *Id.* Upon entry, petitioner received a Notice to Appear and was ordered to remain in Mexico pending a decision on whether petitioner could enter the United States. *Id.* After receiving threats to his life in Mexico, petitioner re-entered the United States without inspection on or about February 20, 2020. *Id.* On or about July 8, 2026, petitioner was detained by Immigration and Customs Enforcement ("ICE"). *Id.* at 1, ¶ 2.

[1] The following facts are undisputed unless otherwise noted.

On October 27, 2026, petitioner filed a petition for a writ of habeas corpus. *See generally id.* Petitioner asserts that respondents are improperly detaining him pursuant to 8 U.S.C. § 1225(b). *Id.* at 1-2, ¶ 3. Petitioner brings claims asserting that his detention is properly governed by 8 U.S.C. § 1226(a). *Id.* at 5-13, ¶¶ 27-73. Petitioner seeks his release from custody.[2] *Id.* at 13. On November 12, 2026, respondents filed a response indicating that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 8 at 1. Respondents state that, if the Court grants the petition, the appropriate relief is to order petitioner's release from custody. *Id.* at 2.

## II. ANALYSIS

The Court agrees with petitioner that his detention is governed by § 1226(a) rather than § 1226(b). The Tenth Circuit has held that § 1225(b) governs the detention of noncitizens who are detained at the border. *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1240 (10th Cir. 2026). However, it is undisputed that petitioner was detained on or about July 8, 2026, after he had already been residing in the United States for over six years. The detention of noncitizens who are detained in the interior of the United States is governed by § 1226(a), with certain exceptions that no party asserts apply in this case. *Id.* at 1237. Thus, because petitioner was detained in the interior of the United States, the Court finds that his detention is governed by § 1226(a).

Noncitizens detained pursuant to § 1226(a) are entitled to a bond hearing, or else release. *Id.* at 1251 n.13. Here, petitioner seeks release as his primary remedy.

---

[2] Petitioner also filed a separate motion seeking to enjoin the Department of Homeland Security ("DHS") from transferring petitioner until the Court rules on the habeas petition. Docket No. 7. Because the Court is ruling on the habeas petition, it will deny this motion as moot.

Docket No. 1 at 13. Respondents agree that the appropriate relief if the Court grants the petitioner is to order petitioner's release. Docket No. 8 at 2. Thus, because all parties agree that releasing petitioner is the proper remedy in this case, the Court will order respondents to release petitioner from custody.

## III. CONCLUSION

Therefore, it is

**ORDERED** that the Petition for Writ of Habeas Corpus and Incorporated Memorandum of Law in Support Thereof [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that the Emergency Motion to Order DHS not to Transfer Petitioner Pending Resolution of Petition for Writ of Habeas Corpus [Docket No. 7] is **DENIED as moot**. It is further

**ORDERED** that respondents shall release petitioner from custody within 48 hours of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within four days of the issuance of this order confirming that petitioner was released from custody.

DATED November 13, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge